IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KYLE D. WALKER,**<br><br>  Plaintiff,<br><br>v.<br><br>**JARROD PETERS,**<br><br>  Defendant. | Case No. 23-cv-922-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Kyle D. Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Vandalia Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at the Randolph County Jail. In the Complaint, Walker alleges he was subjected to black mold in his cell, showers, and throughout the jail. He asserts claims against the defendants under the Fourteenth Amendment to the United States Constitution.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Complaint, Walker makes the following allegations: From May 31, 2022, to July 15, 2022, Walker was a pretrial detainee at Randolph County Jail (Doc. 1, p. 2). During his time at the jail, Walker alleges he was exposed to black mold. He alleges the contamination was throughout the jail, including on the ceiling of his cell, in the air vents, and in the showers (*Id.*). Walker complained to jail staff and wrote multiple grievances, but his complaints were ignored (*Id.*). As a result of his exposure to black mold, Walker alleges that he developed asthmatic breathing issues, as well as frequent headaches and nosebleeds (*Id.* at p. 3). Walker alleges that Jarrod Peters, the jail administrator at the Randolph County Jail, had a duty to ensure the conditions of the jail were safe (*Id.*).

### Discussion

Simply put, Walker fails to adequately allege a claim against Jarrod Peters. Because Walker was a pretrial detainee at the time his claim arose, his claim falls under the Fourteenth Amendment, which prohibits all forms of punishment of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). In order to articulate a claim in this context, a detainee must establish that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). Negligence and gross negligence do not support a claim under the Fourteenth Amendment. *Id.* at 353.

Here, Walker merely alleges that Peters is liable because he was the jail administrator and it was his duty to ensure that the conditions of the jail were safe. Peters

cannot be held liable simply because he was the administrator and was in charge because the doctrine of *respondeat superior*, or supervisor liability, is not applicable to Section 1983 cases. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). And there are no factual allegations to suggest that Peters was aware of the specific conditions that Walker faced while detained in the jail. Although Walker alleges that he informed "jail staff," he does not indicate whether he ever spoke to Peters about the conditions. Nor are there any facts to suggest that Peters's response was objectively unreasonable or that the conditions were the result of a policy or practice traceable to Peters. Thus, Walker fails to state a claim.

For these reasons, the Complaint is **DISMISSED without prejudice**. To the extent Walker may still be able to allege a conditions of confinement claim against any official at the jail, the Court will allow Walker an opportunity to amend his Complaint.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice** for failure to state a claim.

Walker is **GRANTED** leave to file a "First Amended Complaint" on or before **September 15, 2023**. Should Walker fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Walker's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Walker must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Walker is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Walker elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Walker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 18, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**